IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA WOODHOUSE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLEN SPEARMAN, et al. | : | NO. 22-1208 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                        February 21, 2023

Defendant, United Inspection Agency ("UIA"), has filed a motion for summary judgment claiming immunity from suit because it acted on behalf of the City of Philadelphia when it conducted the electrical inspection for which it is sued in this action. Doc. 32-1 at 2. For the following reasons, the motion is granted.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a property owner, contracted with Defendant All HVAC and Electrical LLC ("All HVAC") for plumbing and electrical work at her property at 5100 Larchwood Avenue ("the property"), and All HVAC subcontracted the plumbing work to Philly H2O Plumber, Inc. ("H2O Plumber"). Doc. 3 ¶¶ 12-13.[1] Plaintiff has sued All HVAC and H2O Plumber for breach of contract, based upon, among other allegations, their failure to complete the contracted work and address a leak allegedly covered by a warranty. Id.

---

[1]The Amended Complaint has two paragraphs each numbered 13 and 14; the citation to ¶¶ 12-13 is to the first instance of paragraph 13.

¶¶ 12-13, 26-28.[2]  According to Plaintiff, she eventually contacted the Philadelphia Chief Inspector for Electrical and Compliance Code, Audits and Investigation Unit, who inspected the electrical work at the property and issued a Violation Notice and Order to Correct based on "many gross violations and negligent work" that were "particular safety concerns."  Id. ¶¶ 35-49;[3] see also id. at 26-29 (Exh. D, Violation Notice and Order to Correct).

In the Amended Complaint, Plaintiff identifies UIA as holding itself out as "a third-party electrical inspection agency[,] registered with the State of Pennsylvania pursuant to the Pennsylvania Construction Code Act," Doc. 3 ¶ 11, and alleges that the electrical work at the property passed the rough-in electrical inspection conducted by UIA.  Id. ¶ 17.  Plaintiff asserts a cause of action for negligence in Count 7 of the Amended Complaint, see id. ¶¶ 75-78, alleging that UIA "failed to exercise the due care and diligence of an ordinary, reasonable property inspector conducting the inspecti[on of] the electrical work that All HVAC performed at the Property."  Id. ¶ 77.

UIA seeks summary judgment claiming it is immune from suit based on the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541.  Doc. 32-1.  Plaintiff responds that UIA is not an employee for purposes of the Tort Claims Act.  Doc. 33-1.

---

[2]The Amended Complaint also names the principals of All HVAC and H2O Plumber and includes counts for fraud based on various alleged misrepresentations made regarding the work required and completed at the property.

[3]The Amended Complaint has a gap in the numbering of the paragraphs, skipping numbers 39 through 48.

## II. <u>LEGAL STANDARD – SUMMARY JUDGMENT</u>

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).[4] A factual dispute is "material" if it might affect the outcome of the case under governing law. <u>Id.</u>

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1)(A), (B). "Speculation conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact." <u>Boykins v. Lucent Techs., Inc.</u>, 78 F. Supp.2d 402, 408 (E.D. Pa. 2000). The evidence presented must be viewed in the light most favorable to the non-moving party. <u>Anderson</u>, 477 U.S. at 255.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. <u>Boyle v. County of Allegheny</u>, 139 F.3d 386, 393 (3d Cir. 1998) (citing <u>Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.</u>, 998 F.2d 1224, 1230 (3d Cir. 1993)). Rather, the court must consider the evidence and all reasonable inference which may be

---

[4]<u>Anderson</u> predated the 2010 Amendment to Rule 56. However, the change in wording and location within the rule for the summary judgment standard did not alter the standard or caselaw interpretation of the standard. Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendments.

drawn from it, "in the light most favorable to the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). If a conflict arises between the evidence presented by the parties, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in [her] favor." Anderson, 477 U.S. at 255.

## III.  DISCUSSION

As previously noted, Plaintiff asserts a negligence claim against UIA based on UIA's inspection and approval of the rough-in electrical work at the property. UIA moves for summary judgment claiming that it is entitled to immunity because it was "act[ing] on behalf of the City [of Philadelphia] for [the] administration and enforcement of the [Universal Construction Code (']UCC['] at the time it conducted the inspection of the rough-in electrical work at the property]." Doc. 32-1 at 4. Plaintiff responds that UIA is not an employee of the City, nor has UIA established that it has any kind of contract with the City to perform the inspection work or that the City had any control over the manner in which UIA performed the inspection, defeating its claim of immunity. Doc. 33-1 at 5.

UIA relies on the Tort Claims Act, which provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. The question is whether the City's use of third-party agencies to administer and enforce

4

the UCC is sufficient to render those agencies "employees," which is defined as follows for purposes of the Act:

> "Employee." Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without territorial boundaries of the government unit, including any volunteer fireman and any elected officer, member of a governing body or other person designated to act for the governing unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right or control are not employees of the government unit.

Id. § 8501.[5]

UIA relies on two cases in which the Pennsylvania Commonwealth Court has concluded "that a private entity acting in its official capacity as a municipal building inspector is entitled to immunity under the Tort Claims Act." Doc. 32-1 at 4-5 (citing Higby Dev., LLC v. Sartor, 954 A. 2d 77, 80 (Pa. Commw. Ct. 2008), vacated and remanded on other grounds, 991 A.2d 305 (Pa. 2010); Cornell Narberth, LLC v. Borough of Narberth, 167 A.3d 228 ( Pa. Commw. Ct. 2017)). Plaintiff argues that these cases are inapposite because the town or borough in those cases had "hired" the firm to act as the borough's "official building inspector." Doc. 33-1 at 5 (quoting Cornell Narberth, 167 A.2d at 241). According to Plaintiff, "[t]he mere fact that an entity performs a function for which the municipality would enjoy immunity if the municipality performed it

---

[5]The parties do not reference the statutory exceptions to immunity found in section 8542, limiting their discussions to the applicability of section 8541. I therefore do not address section 8542.

directly does not mean that the entity automatically enjoys immunity." Doc. 33-1 at 4 (citing Helsel v. Complete Care Servs., L.P., 797 A.2d 1051, 1057 (Pa. Commw. Ct. 2002)).

In Higby Development, a developer sued, among others, Yerkes Associates, which was the Chester Township Code Enforcement Officer, and Mr. Yerkes, the individual who performed the duties of the Township Code Enforcement Officer (collectively "Yerkes"), alleging that they engaged in tortious conduct to impede its real estate development. 954 A. 2d at 80. The trial court granted Yerkes' preliminary objection based on immunity under section 8541, on the ground that they were employees of the Township. Id. at 83. On appeal, the Commonwealth Court agreed that Yerkes was an employee for purposes of the Tort Claims Act, noting, among other things, that under the terms of the building permits, construction could not proceed without inspection and approval by the Township. Such inspection was done by Yerkes and required his imprimatur to proceed with construction. Id. at 86. The court concluded that "there is no requirement that a person be an employee in the traditional sense, but only that the employee is acting on behalf of the government entity" to qualify for immunity under the Tort Claims Act. Id. at 85.

In Cornell Narberth, the Commonwealth Court applied Higby Development in concluding that the same building inspector, Yerkes Associates, was entitled to immunity because it had been hired by the Borough to act as its official building inspector and "[a]cting in that capacity, . . . examined and approved construction drawings;

recommended the issuance of building permits, and inspected the construction for which permits had been issued." 167 A.2d at 241.

Plaintiff draws a distinction between these two cases and the current case because "unlike the present case, the government entity had actually contracted" with Yerkes in both Higby Development and Cornell Narberth. Doc. 33-1 at 5-6. Plaintiff also argues that the determination of whether an entity qualifies as an employee under the Tort Claims Act is a fact-intensive inquiry. Doc. 33-1 at 4 (citing Hammermill Paper Co. v. The Rust Eng'g Co., 243 A.2d 389 (Pa. 1968)).[6]

UIA has the stronger argument under Pennsylvania law. First, Plaintiff provides no caselaw requiring evidence of a contract between a municipality and the individual or entity performing the inspection. It is undisputed that UIA conducted the inspection at issue as a "City of Philadelphia . . . certified third party inspector." Doc. 33-1 at 1. Additionally, the Hammermill decision did not apply the Tort Claims Act or its definition of "employee." 234 A.2d at 370-72 (determining whether construction company was liable to property owner for damages during construction). The Commonwealth Court's repeated application of Hammermill in the specific context here – Tort Claims Act immunity for a code enforcement inspector – provides persuasive authority for applying immunity in this case. See Oakes v. Richardson, 238 A.3d 533 (table), 2020 WL 3866196, at *3 (Pa. Commw. Ct. July 9, 2020) ("[u]nder the Hammermill test, this Court

---

[6]The relevant factors under Hammermill include: "control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance, whether one employed is engaged in a distinct occupation or business," and other factors. 243 A.2d at 392.

has consistently determined that municipal code enforcement officers are 'non-traditional employees,' entitled to governmental immunity under the Tort Claims Act") (citing Cornell Narberth, 167 A.2d at 240; Higby Dev., 954 A.2d 77)).

I also disagree with Plaintiff that Helsel applies to this case. Helsel arose in the context of a wrongful death suit in which a private entity, engaged in the management and administration of a county-owned nursing home, sought immunity. 797 A.2d at 1053. The defendant argued that because it was "acting in the interests of a local agency," it should be considered an "an employee" and entitled to immunity. Id. at 1055. The court rejected the argument, finding that the defendant was primarily acting on behalf of and in its own interest "in the course of promoting its business of selling management services for profit." Id. at 1057. Rather than acting on behalf of the county, the defendant "was an independent contractor engaged to provide management services." Id. This present case is more akin to the Higby Development line of cases than to Helsel, as the Commonwealth Court has repeatedly concluded that an entity acting as a code enforcement official is entitled to immunity under the Tort Claims Act.

I find further support for this conclusion in two additional cases. First, in Spencer v. Grill, a private company had been contracted by Cranberry Township to perform construction code enforcement. No. 913 C.D. 2017, 2018 WL 1722674, at *1 (Pa. Commw. Ct. Apr. 10, 2018). The company issued a citation to a township resident for failing to obtain a building permit and the resident sued the company for malicious prosecution. Id. The Commonwealth Court affirmed the trial court's entry of summary judgment in favor of the company on grounds of immunity under the Tort Claims Act.

8

> [A] company hired by a borough as its official building inspector, responsible for examining and approving construction drawings, recommending the issuance of building permits and inspecting the construction, [is] acting as an employee of the borough for purposes of the Tort Claims Act. We find here that the Trial Court correctly determined that [the company] acted on behalf of Township in accordance with the Tort Claims Act's definition of 'employee' and as such [is] entitled to governmental immunity under the Tort Claims Act.

Id. at *4 (citing Cornell Narberth, 167 A.3d at 240).

Second, relying on Spencer, Cornell Narberth, and Higby Development, the Honorable Joy Flowers Conti found that Building Inspection and Underwriters of Pennsylvania ("BIUPA") was entitled to immunity under the Tort Claims Act in a subrogation action in which BIUPA was alleged to have negligently approved, plans, drawings, and specifications for an expansion project that included a fireplace that allegedly caused a fire at the property. Great N. Ins. Co. v. Whipple-Allen Real Estate, Civ. No. 18-41, 2018 WL 3618689, at *1, *3 (W.D. Pa. July 30, 2018). Judge Conti noted that "[e]very Pennsylvania court to have considered the issue has concluded that a private entity acting in its official capacity as a municipal building inspector is entitled to immunity under the Tort Claims Act." Id. at *3. In attempting to escape application of the applicable caselaw, the cross-claimants argued that the determination whether BIUPA was an employee could not be made without factual development. Id. at *4. The court rejected this argument, noting that the Higby court resolved the issue by relying only on the pleadings. Id. at *5. The court noted that "Pennsylvania courts have consistently held that entities acting as building code inspectors are classified as employees as a

9

matter of law." Id. Moreover, the third-party complaint established that BIUPA was engaged by the city to act as the city's building code inspector. Id. Therefore, Judge Conti granted BIUPA's motion to dismiss.

Analyzing UIA's status in this case also reveals that it was acting on behalf of the City of Philadelphia when it conducted the inspection of the rough-in electrical work at the property in this case. Plaintiff's contract with All HVAC regarding the electrical work specifically called for an initial payment of $5,000, with an additional $5,000 due after the "rough[-in] **inspection is completed and approved by the city**." Doc. 3 at 22 (emphasis added) (Exh. B, Contract attached to Amended Complaint). In the Amended Complaint, Plaintiff alleged that Allen Spearman of All HVAC advised her on August 12, 2021, that the electrical work passed the electrical rough-in inspection and that UIA conducted this inspection. Doc. 3 ¶ 17. Plaintiff then paid the additional $5,000 that was due after the work passed the rough-in electrical inspection. Id. ¶ 18.

As noted, Plaintiff does not dispute UIA's status as Philadelphia's "certified third-party inspector" in conducting the inspection at issue. Doc. 33-1 at 1. Attached to UIA's summary judgment motion is the City of Philadelphia's Department of Licenses and Inspections' Electrical Inspection Agencies Contact Index, listing UIA as one of its Electrical Inspection Agencies. Doc. 32-5. UIA also attached its Certified Third Party Agency Listing indicating that UIA is a Building Code Official and can perform electrical code administration and enforcement work on both residential and commercial buildings in several counties, including Philadelphia. Doc. 32-4.

Based on the pleadings and record, I conclude that UIA "was acting on behalf of the government entity" when it conducted the rough-in inspection and approval, which is sufficient to qualify for immunity under the Tort Claims Act. <u>Higby Dev.</u>, 954 A.2d at 85.

An appropriate Order follows.