IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA WOODHOUSE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLEN SPEARMAN, et al. | : | NO. 22-1208 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                       March 17, 2023

      This case arises from contracts for renovation work between Plaintiff and Defendants Spearman and All HVAC and Electrical, Inc. (collectively "Spearman/All HVAC"). Doc. 3 ¶¶ 12-13; see also id. at 18-19 (May 24, 2021 contract), 21-22 (June 6, 2021 contract). Plaintiff contends that Defendants Luis Zaimudo and Philly H2O Plumber, Inc. ("Moving Defendants") acted as All HVAC's subcontractor for the plumbing work. Id. ¶ 12. Moving Defendants have filed an Omnibus Motion in Limine seeking to preclude Plaintiff from presenting any evidence or reference against Moving Defendants for claims of negligence, violation of unfair trade practices, fraud, and civil conspiracy. Doc. 36. The motion is more akin to a summary judgment motion in which Moving Defendants argue generally that Plaintiff has failed to present any expert or other evidence to demonstrate that her alleged damages are the result of any action or inaction of Moving Defendants. In response, Plaintiff contends that she has evidence supporting each of the claims. Doc. 42.

      With respect to Plaintiff's negligence claim, Moving Defendants argue that the claim fails because Moving Defendants had no duty to Plaintiff absent a contract. Doc.

36 at 9-10.  Plaintiff responds that she has evidence that Moving Defendants failed to exercise reasonable care in completing the contemplated plumbing work.  Doc. 42 at 3.

Although Pennsylvania law does not recognize a cause of action between parties not in privity of contract for negligent acts that result in only economic injuries, see Waynesborough Country Club of Chest Cty. v. Diedrich Bolton Architects, Inc., Civ. No. 07-155, 2008 WL 687485, at *7 (E.D. Pa. Mar. 10, 2008) (explaining economic loss doctrine); see also Am. Stores Props, Inc. v. Spotts, Stevens & McCoy, Inc., 678 F. Supp.2d 328, 333 (E.D. Pa. Aug. 13, 2009) (dismissing negligence claim against subcontractor based on economic loss doctrine), the doctrine does not bar recovery for non-economic injuries.  See Sun Co., Inc. v. Badger Design & Constrs., Inc., 939 F. Supp. 365, 371-72 (E.D. Pa. 1996) (economic loss doctrine would not apply to claim of negligence for destruction of equipment or personal injuries).

Here, it is unclear what, if any, non-economic damages Plaintiff suffered. However, Moving Defendants have filed a motion for limine, not for summary judgment, and I will not penalize Plaintiff for not having proffered its damage evidence in response to the motion.  Therefore, I will deny Moving Defendants' motion in limine with respect to the negligence claim.[1]

With respect to the fraud and unfair trade practices claims, Plaintiff claims she has evidence that Moving Defendants misrepresented the status of the permit for the outside plumbing work directly to her.  Doc. 42 at 3-4.  Plaintiff relies on this and other

---

[1] Defendants may seek a directed verdict on the negligence claim at the appropriate time absent evidence of non-economic damages.

misrepresentations made by Moving Defendants and Spearman/All HVAC to support her civil conspiracy claim.  Id. at 4.  This evidence would appear relevant to Plaintiffs claims.

Specifically as to the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") claim (Count 5), Moving Defendants argue that the UTPCPL is inapplicable because it applies only when a person purchases or leases goods or services primarily for personal, family, or household purposes.  Doc. 36 at 12.  According to Moving Defendants, because Plaintiff is doing the renovations to make the property a rental property, the UTPCPL does not apply.  Id.  However, it is unclear what portion, if any, of the property Plaintiff plans to inhabit or rent.  In her deposition, Plaintiff states that she would be in one of the units, Woodhouse Dep. at 12 (Doc. 36-4 at 5), but then states that there are five rooms total, two of which her son would be renting and that she planned to rent the other three to family members and friends.  Woodhouse Dep. at 12-13 (Doc. 36-4 at 5).  Thus, it is unclear if Plaintiff intends to rent the entire property.  No summary judgment motion having been filed, I see no basis to preclude Plaintiff from presenting the claim to the jury.

Moving Defendants also argue that Plaintiff has failed to establish that alleged misrepresentations or deceptive conduct of Moving Defendants caused her loss.  Doc. 36 at 13.  In fact, Moving Defendants argue that "Plaintiff has not provided any evidence that Moving Defendants made a single communication []or representation to Plaintiff whatsoever."  Doc. 36 at 15.  Contrary to Moving Defendants' allegation, Plaintiff has alleged that Moving Defendants told her that they had applied for a permit for the outside plumbing work, which they had not, in fact, done.  Doc. 42 at 3.  In her deposition she

3

stated that when she asked about the permit both Mr. Spearman and Mr. Zaimudo were on the other end of the phone call and "they were stating, yeah it's still pending, they just haven't issued it yet." Woodhouse Dep. at 76-77 (Doc. 36-4 at 21). This issue of fact is sufficient to defeat summary judgment had such motion been filed. Therefore, I will deny Moving Defendants' motion in limine with respect to the UTPCPL. For the same reason, I will deny Moving Defendants' motion with respect to the fraud claim and civil conspiracy claim.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA WOODHOUSE | : | CIVIL ACTION |
| v. | : | |
| ALLEN SPEARMAN, et al. | : | NO. 22-1208 |

**O R D E R**

AND NOW, this 17th day of March, 2023, upon consideration of the Omnibus Motion in Limine filed by Defendants Luis Zaimudo and Philly H2O Plumber, Inc. (Doc. 36), and Plaintiff's response (Doc. 42), and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:

/s/ Elizabeth T. Hey_____
ELIZABETH T. HEY, U.S.M.J.