IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEILA WOODHOUSE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLEN SPEARMAN, ALL HVAC | : | |
| & ELECTRIC, LLC, LUIS ZAIMUDO, | : | |
| and PHILLY H2O PLUMBER, INC. | : | NO. 22-1208 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                 May 30, 2023

Defendants have filed a motion in limine in this construction contract case, seeking to preclude testimony from two witnesses because they were not identified as potential witnesses until the parties' pretrial submissions.  Doc. 65 at 3.  Plaintiff responds that Defendants will suffer no prejudice if the court allows the witnesses to testify because both were discussed during various depositions.  Doc. 66 at 4.  For the reasons that follow, I will permit the testimony of George Rohanna, but preclude the testimony of Troy Horton.

**I.      BACKGROUND**

Plaintiff contracted with All HVAC and Electrical LLC ("All HVAC") and its principal, Allen Spearman, for plumbing and electrical work at her property at 5100 Larchwood Avenue ("the property"), and All HVAC subcontracted the plumbing work to Philly H2O Plumber, Inc. ("H2O Plumber"), and its principal, Luis Zamudio.  Doc. 3 ¶¶ 12-13.[1]  Plaintiff has sued All HVAC/Mr. Spearman and H2O Plumber/Mr. Zamudio

---

[1]The Amended Complaint has two paragraphs each numbered 13 and 14; the

("Defendants") for breach of contract, based upon, among other allegations, their failure to complete the contracted work and address a leak allegedly covered by a warranty. Id. ¶¶ 12-13, 26-28.[2] According to Plaintiff, she eventually contacted the Philadelphia Chief Inspector for Electrical and Compliance Code, Audits and Investigation Unit, who inspected the electrical work at the property and issued a Violation Notice and Order to Correct based on "many gross violations and negligent work" that were "particular safety concerns." Id. ¶¶ 35-49;[3] see also id. at 26-29 (Exh. D, Violation Notice and Order to Correct).[4]

Pursuant to my Scheduling Order, discovery ended on January 16, 2023, and counsel were to file a Joint Pretrial Stipulation by March 17, 2023, with trial scheduled to begin on April 3, 2023. Doc. 30. According to Defendants, in preparation for the filing of the Joint Pretrial Stipulation, Plaintiff prepared a witness list for the stipulation that contained two witnesses that had not been previously identified: George Rohanna and Troy Horton. Doc. 65 at 3.[5] At the final pretrial conference held on March 24, 2023, I

---

citation to ¶¶ 12-13 is to the first instance of paragraph 13.

[2]The Amended Complaint also includes counts for fraud based on various alleged misrepresentations made regarding the work required and completed at the property.

[3]The Amended Complaint has a gap in the numbering of the paragraphs, skipping numbers 39 through 48.

[4]Plaintiff also included a negligence claim against United Inspection Agency ("UIA"), the company responsible for the rough-in electrical inspection. Doc. 3 ¶¶ 17, 75-78. I previously granted UIA's motion for summary judgment. Docs. 32, 34-35.

[5]Instead of filing a Joint Pretrial Stipulation, counsel filed separate pretrial memoranda and submitted separate, but significantly overlapping, exhibit books. Docs.

directed counsel to discuss the propriety and scope of the testimony of Mssrs. Rohanna and Horton and to promptly advise whether they could reach agreement as to these witnesses. Doc. 58.[6]

In the joint pretrial stipulation submitted on May 5, 2023, counsel explained that they had not come to any agreement regarding Mssrs. Rohanna and Horton. Doc. 62 at 11. I directed Defendants to file a motion in limine, Doc. 64, and that motion has been filed and responded to. Docs. 65, 66.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires the parties to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). The purpose of this provision is to "disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as witnesses by any of the other parties." Fed. R. Civ. P. 26(a)(1)(A) advisory committee note (1993); see also Eli Lilly & Co. v. Actavis Elizabeth LLC, Civ. No. 07-3770, 2010 WL 1849913, at *3 (D.N.J. May 7, 2010) ("Rule 26 disclosures are meant to provide the opposing party with information as to the identification and location of

---

54 & 55.

    [6]On March 30, 2023, I granted a request to postpone the trial and required counsel to jointly submit a final pretrial stipulation and exhibit book by May 5, 2023. Doc. 60.

persons with knowledge so that they can be contacted in connection with the litigation . . . for being interviewed, for being deposed, or for providing background information.") (internal quotation omitted).

"A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learn that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1).

"[A]n individual's existence or knowledge can 'otherwise be made known,' and thus be sufficiently disclosed for Rule 26 purposes, through deposition testimony." Holley v. Port Auth. of New York, Civ. No. 14-7534, 2018 WL 11413338, at *2 (D.N.J. May 3, 2018) (quoting Eli Lilly, 2010 WL 1849913, at *4). However, "the mere mention of an individual's identity during the course of a deposition is not sufficient." Id. (same). "Although Rule 37 provides 'a strong inducement for disclosure,' exclusion under [Rule 37] 'is not automatic.'" Id. (same). Rather, the court considers four factors in determining whether exclusion is appropriate:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith

or willfulness in failing to comply with a court order or discovery obligation.

Id. (quoting Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir. 2000)).

### III.   DISCUSSION

Plaintiff concedes that she did not identify either Mr. Rohanna or Mr. Horton by name in her initial disclosures. Doc. 66. Nevertheless, she argues that Defendants were aware of both witnesses through discovery but did not seek to depose them, and that their testimony should not be excluded.

   A.   Mr. Rohanna

Plaintiff describes Mr. Rohanna as an employee of UIA who performed the rough-in inspection of the electrical work performed by Mr. Spearman/All HVAC. Doc. 66 at 1. She argues that she should be permitted to present Mr. Rohanna's testimony because she identified "[o]ne or more representatives of [UIA]" in her initial disclosures, see Doc. 65-1 at 3 (Plaintiff's initial disclosures), and also because Mr. Rohanna was identified as the individual who conducted the inspection during the deposition of UIA's corporate designee. Doc. 66 at 5. Defendants do not dispute either assertion, but argue that they were never made aware of Plaintiff's intention to call Mr. Rohanna as a witness until sixteen days prior to trial and that his proposed testimony is duplicative of other evidence to be presented at trial. Doc. 65 at 7, 9.

As previously noted, "an individual's existence or knowledge can 'otherwise be made known,' and thus be sufficiently disclosed for Rule 26 purposes, through deposition testimony." Holley, 2018 WL 11413338, at *2. Here, Defendants were aware from the

5

outset of the litigation that someone at UIA conducted a rough-in inspection of the electrical work. Doc. 3 ¶ 17. The identification of UIA "representatives" in the initial disclosures, together with the inspector's identity revealed during the deposition of UIA's designee, sufficiently put Defendants on notice that Mr. Rohanna was a potential witness.

Moreover, despite arguing that they will prejudiced by the inclusion of Mr. Rohanna's testimony, Defendants contend that Mr. Rohanna's testimony is duplicative of other evidence -- the notice of violation -- that will be presented to the jury. Doc. 65 at 7, 9. The notice of violation is dated January 11, 2022. Trial Exh. J16. Mr. Rohanna conducted his inspection six months earlier on July 1, 2021. Trial Exhs. P5-6. Thus, his testimony will be relevant to the actions taken after the rough-in inspection took place. Mr. Rohanna will be permitted to testify about his electrical inspection, including observations he made of the presence of a five-gang meter, and any conversations he had with Defendants regarding same.

B.    Mr. Horton

Plaintiff describes Mr. Horton as "an associate of [P]laintiff who was on site at the Property assisting [P]laintiff with the work being performed on the Property, who discovered a leak on the Property, and who had a number of conversations with [D]efendants regarding the progress of the work on the Property." Doc. 66 at 1. Plaintiff argues that Defendants were aware of Mr. Horton based on Plaintiff's deposition at which she testified to his "presence and assistance . . . onsite at the Property, his observance of the City of Philadelphia's inspection of the Property, and his discovery of a leak on the Property." Id. at 2.

Plaintiff provides nothing more than references to Mr. Horton in her deposition testimony in support of the argument that Defendants were on notice of her intention to call him as a witness. However, as previously noted, "the mere mention of an individual's identity during the course of a deposition is not sufficient." Holley, 2018 WL 11413338, at *2 (quoting Eli Lilly, 2010 WL 1849913, at *4).[7] Mr. Horton falls into this category, as there is nothing else in the record to suggest that Plaintiff might call him.

Plaintiff also argues that the court previously ruled that she may present evidence regarding the discovery of the leak. Doc. 66 at 2. Mr. Zamudio/Philly H2O Plumber filed a motion in limine to preclude evidence of a leak at the property. Doc. 37. In responding to that motion, Plaintiff referred only to her own testimony that "starting in November, 2021, she asked Mr. Zaimudo [sic] to return to the Property to inspect the leak and to finish the remaining scope of plumbing work in a code compliant manner, and that Mr. Zaimudo [sic] refused to do so." Doc. 43 at 3. Plaintiff's failure to mention Mr. Horton at that time supports Defendants' current argument that Mr. Horton is a "surprise" witness. Contrary to Plaintiff's inference that the court previously ruled that Mr. Horton could testify, the court ruled that "Plaintiff may testify regarding her observations, but may not offer any opinion about the cause of the leak." Doc. 51. Mr. Horton will not be permitted to testify at trial.

---

[7] Plaintiff did not provide the court with the deposition testimony for review.

C.	Other Relief

Defendants request that if either witness is permitted to testify, Defendants be permitted to depose the witness at Plaintiff's expense.  Doc. 65 at 15-16.  Plaintiffs do not address this argument and thus to not oppose this requested relief.  I agree that Defendants should be permitted to depose Mr. Rohanna in preparation for trial.  I also agree that Plaintiff should bear the costs (but not defense counsel's fees) of the deposition, in light of Plaintiff's failure to identify him in her disclosures.

An appropriate Order follows.